UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHRISTOPHER ASHLEY SMITH, <br><br> Plaintiff, <br><br> v. <br><br> DANIEL L. MAWHORR, JAMES MILLER, JESSE KELLEY, and ALEX WILL, <br><br> Defendants. | CAUSE NO. 1:21-CV-276-WCL-SLC |

OPINION AND ORDER

Christopher Ashley Smith, a prisoner without a lawyer, filed a complaint alleging he was attacked by a fellow inmate at the Adams County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Smith was confined at the Adams County Jail as a convicted prisoner serving his sentence on July 10, 2021. He alleges a fellow inmate entered his cell and threatened to take his commissary. The inmate left briefly before returning to attack Smith who says he had no time to notify jail officials. Jails "are dangerous places. Inmates get there by

violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). And, "the fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety." *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

> To establish deliberate indifference on the part of the defendants sued individually, Klebanowski needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to Klebanowski's health or safety, yet failed to take appropriate steps to protect him from the specific danger. Klebanowski testified during his deposition that he told officers twice on September 8 that he was afraid for his life and he wanted to be transferred off the tier. Those statements, and the officers' knowledge of the first beating, are the only pieces of evidence in the record that can assist Klebanowski in his attempt to show that the officers were aware of any risk to him. We have previously held that statements like those made by Klebanowski are insufficient to alert officers to a specific threat. *Butera*, 285 F.3d at 606 (deeming insufficient to establish deliberate indifference statements by a prisoner that he was "having problems in the block" and "needed to be removed"). In *Butera*, we deemed the inmate's statements insufficient to give notice to the officers because they did not provide the identities of those who threatened the inmate, nor state what the threats were. *Id*.
>     The facts of this case make clear our reason for requiring more than general allegations of fear or the need to be removed. By Klebanowski's own testimony, the officers knew only that he had been involved in an altercation with three other inmates, and that he wanted a transfer because he feared for his life. He did not tell them that he had actually

> been threatened with future violence, nor that the attack on September 8 was inflicted by gang members because of his non-gang status. Without these additional facts to rely on, there was nothing leading the officers to believe that Klebanowski himself was not speculating regarding the threat he faced out of fear based on the first attack he suffered. This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (footnote omitted). Smith did not tell any of the defendants about a specific threat to him because he only learned of the impending danger minutes before. He did not know, and neither did any of the defendants. Therefore, they could not have been deliberately indifferent.

Smith argues the Indiana Administrative Code required the defendants to keep cell doors locked except when someone was using them to enter or exit. However, "[i]n order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The constitution does not specify when cell doors must be locked – and 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state statutes, administrative regulations, or prison rules. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) and *Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right.").

Smith says his attacker asked to be transferred out of the cell block because of the possible duration of his sentence if convicted. Smith argues the attacker should have been disciplined and transferred two days before the attack when he violated jail rules

3

by not wearing a shirt and threatening other inmates. However, the allegation that his attacker had previously made threats to numerous other inmates without incident does not show there was a specific danger to Smith. So too, the attacker's request to be moved because he faced a lengthy prison sentence if convicted says nothing about a specific threat of impending harm to Smith.

Smith alleges the attack lasted four minutes before a group of guards entered his cell to stop it. During that time, he alleges an unknown guard used the intercom to tell them to stop fighting. The unknown guard is not a defendant, but even if he were, yelling at them to stop fighting while other guards moved to stop the fight was not deliberately indifferent. Moreover, there is no indication a four minute response time was unreasonable or demonstrated deliberate indifference by anyone.

After the attack, Smith was taken to the hospital where it was recommended he was see an oral surgeon about injuries to his mouth. On July 14, 2021, he filed a healthcare request form asking for follow up care. Four days later, he signed this complaint. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the

4

defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted). "If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Greeno*, 414 F.3d at 656 (ellipsis omitted) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004)).

Here, Smith has plausibly alleged he has a serious medical need. However, he does not allege any of the defendants have actual knowledge of his need or that they are preventing him from receiving medical treatment. Smith was seen in the emergency room and discharged. He does not allege he has a current emergency medical problem. Rather, he alleges he was told to follow up later with an oral surgeon. After filing a healthcare request, he waited only four days before filing this lawsuit. It seems unlikely he exhausted his administrative remedies as to a denial of medical treatment claim before filing this lawsuit, but even if he did, a mere four day delay in scheduling an appointment does not demonstrate that anyone is deliberately indifferent to his need for medical care.

This complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to

5

amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on July 26, 2021.

s/William C. Lee
JUDGE WILLIAM C. LEE
UNITED STATES DISTRICT COURT
